**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RITU BALA; AJAY SOOD, Plaintiffs-Appellants, v. BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, Defendants-Appellees, and BRANDON SHERMAN; et al., Defendants. | No. 15-56351 D.C. No. 2:15-cv-03305-MWF-JEM MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted November 16, 2016**

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ritu Bala and Ajay Sood appeal pro se from the district court's judgment dismissing their action alleging federal and state law violations arising from several stages of Bala and Sood's home loan financing efforts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal based on res judicata. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). We affirm.

The district court properly dismissed Bala and Sood's action as barred by the doctrine of res judicata because their claims were raised, or could have been raised, in a prior state court action which resulted in a final judgment. *See Manufactured Home Cmtys. Inc.*, 420 F.3d at 1031 ("To determine the preclusive effect of a state court judgment federal courts look to state law. . . . California's res judicata doctrine is based on a primary rights theory" (citation omitted)); *MHC Financing Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013) (setting forth elements of res judicata under California law). Contrary to Bala and Sood's contentions regarding new evidence, the declarations of Bank of America employees do not negate the preclusive effect of res judicata on their current action. *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) ("If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then

the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (citation and internal quotation marks omitted)); *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986) (plaintiff could not "avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory" (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**